**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

<table>
<tr><td>

SAVASENIORCARE, LLC,

    Plaintiff/Counterclaim Defendant,

v.

STARR INDEMNITY AND LIABILITY
COMPANY,

    Defendant/Counterclaim Plaintiff,

and

ASPEN AMERICAN INSURANCE
COMPANY,

    Defendant/Counterclaim Plaintiff.

</td><td>

Civil Action No.
1:18-cv-01991-SDG

</td></tr>
</table>

**OPINION AND ORDER**

This matter is before the Court on separate motions for reconsideration, or in the alternative to certify an order for interlocutory appeal, filed by Defendants Starr Indemnity and Liability Company (Starr) and Aspen American Insurance Company (Aspen) (collectively, the Insurers) [ECF 194; ECF 198].[1] For the following reasons, the Insurers' motions are **DENIED**.

---

[1]   Starr and Aspen have separately requested oral argument on their motions [ECF 195; ECF 199]. Since the Insurers' arguments here are largely duplicative of those raised in prior briefing, oral argument is unnecessary and the motions are **DENIED**.

I.     BACKGROUND

The facts of this case relevant to the instant motions are more thoroughly set forth in the Court's September 29, 2020 Order (the Order).[2] In that Order, the Court granted Sava's motion for partial summary judgment and denied separate motions to continue filed by the Insurers.[3] The crux of the Court's Order is that the Insurers waived their ability to assert a late-notice defense to Sava's claims under the Georgia Supreme Court's decision in *Hoover v. Maxum Indemnity Company*, 291 Ga. 402 (2012). As a consequence, the Court dismissed certain affirmative defenses and counterclaims asserted by the Insurers.

The Insurers disagree with the Court's ultimate conclusions in that Order. Accordingly, on October 10 and 13, Starr and Aspen filed separate motions for reconsideration, or in the alternative to certify certain questions for interlocutory appeal.[4] Sava filed a response in opposition to Starr's motion on October 27 and to Aspen's motion on November 2.[5] Starr filed its reply on November 10.[6] Aspen filed a reply to its motion for oral argument on November 13, but did not file a reply to

---

[2]     ECF 192.

[3]     *Id.*

[4]     ECF 194 (Sava's motion); ECF 198 (Aspen's motion).

[5]     ECF 202; ECF 205.

[6]     ECF 213.

its motion for reconsideration or interlocutory appeal. Since the Insurers' separate

motions ostensibly seek the same relief, the Court considers them in tandem,

discussing each request in turn.

### a. Reconsideration Is Not Appropriate.

The Local Rules of this Court caution that "[m]otions for reconsideration

shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Such motions

are appropriate only if "a party believes it is absolutely necessary." *Id.*

Absolute necessity is recognized in three specific scenarios; where there is:

"(1) newly discovered evidence; (2) an intervening development or change in

controlling law; or (3) a need to correct a clear error of law or fact." *Davis v. Daniels*,

655 F. App'x 755, 759 (11th Cir. 2016) (citing *Bryan v. Murphy*, 246 F. Supp. 2d 1256,

1258–59 (N.D. Ga. 2003)). *See also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)

("The only grounds for granting a [reconsideration] motion are newly-discovered

evidence or manifest errors of law or fact."). Reconsideration motions are afforded

a "narrow scope" and cannot be used simply "as an opportunity to show the court

how it could have done it better[,] . . . present the court with arguments already

heard and dismissed[,] or to repackage familiar arguments to test whether the

court will change its mind." *Bryan*, 246 F. Supp. 2d at 1259 (citations omitted).

*See also Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*,

916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (finding request for reconsideration is held to "onerous standard"). In this vein, the moving party cannot "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). This encompasses "new arguments that were previously available, but not pressed." *Lopez v. City of W. Miami*, 662 F. App'x 733, 738 (11th Cir. 2016). The ultimate decision on reconsideration is "committed to the sound discretion of the district court." *Reid v. BMW of N. Am.*, 464 F. Supp. 2d 1267, 1270 (N.D. Ga. 2006).

The Insurers do not point the Court to newly discovered evidence or a shift in the governing law. Their requests are wholly premised on their belief that the Court committed several clear errors of law. For example, according to Starr, the Court erred by finding that it "denied coverage under *Hoover* and thus waived its late notice defense," and that it "failed to properly reserve [its] rights to a late notice defense."[7] The Court's conclusion, argues Starr, is contrary to "the undisputed facts."[8] Starr further contends the Court misapplied Georgia law

---

[7]   ECF 194, at 11, 15.

[8]   *Id*. at 11.

in assessing the sufficiency of a reservation of rights disclaimer.[9] Aspen agrees

with Starr's positions and adds the Court equally erred by holding Aspen

"unambiguously denied coverage."[10]

The problem with the Insurers' requests is that they are premised on

arguments, case law, and evidence available prior to, or in fact expressly raised in,

the underlying summary judgment briefing. The Court fully analyzed and

considered the merits of the Insurers' position, but ultimately concluded that

*Hoover* applied and the Insurers' actions did not comport with its directives.

Now, the Insurers recycle those same arguments armed with their belief that the

Court got it wrong the first time. This is not an appropriate method to demonstrate

that the Court committed clear error for purposes of reconsideration.

*Arthur*, 500 F.3d at 1343. *See also Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*,

103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

To the extent the Insurers assert the Court committed clear error by relying

on inapplicable Georgia law to find they did not properly reserve their rights, the

Court does not agree. In rendering its decision, the Court combed the factual

record and found each reservation of rights disclaimer issued by the Insurers to be

---

9    *Id*. at 15–17.

10   ECF 198, at 6.

boilerplate.[11] Boilerplate disclaimers are ineffective as a matter of law.[12]

Starr's reliance on *Wellons, Inc. v. Lexington Insurance Company*, 566 F. App'x 813

(11th Cir. 2014), is misplaced. It is true, in *Wellons*, the Eleventh Circuit found that

"long-standing Georgia law [ ] supports our conclusion that an effective

reservation of rights need not specify every potential basis for the reservation."

*Id*. at 822. But the appellate court equally remarked that, under Georgia law:

> The reservation itself must be unambiguous: At a
> minimum, the reservation of rights must fairly inform
> the insured that, notwithstanding the insurer's defense
> of the action, it disclaims liability and does not waive the
> defenses available to it against the insured. The
> reservation of rights should also inform the insured of
> the specific basis for the insurer's reservations about
> coverage.

*Id*. at 821 (citing *World Harvest Church, Inc. v. GuideOne Mut. Ins. Co.*, 287 Ga. 149,

152 (2010)).

That is precisely where the Insurers' disclaimers fall short: "[A] boilerplate

reservation of rights[ ] does not clearly put the insured on notice of the insurer's

position." *Latex Const. Co. v. Everest Nat. Ins. Co.*, 11 F. Supp. 3d 1193, 1203

---

[11]   ECF 195, at 5–10.

[12]   *See id*. at 22 (citing cases).

(N.D. Ga. 2014). Considering the undisputed, material facts presented here, the

Court did not commit a clear error of law or fact.

In sum, since the Insurers have not produced new evidence, pointed to a

change in the law, or otherwise shown that the Court made "manifest errors of

law or fact," reconsideration is not warranted. *Arthur*, 500 F.3d at 1343.

**b.      Certification for Interlocutory Appeal Is Not Appropriate.**

As an alternative remedy, the Insurers separately request the Court certify

at least five questions for interlocutory appeal. The Court may certify an order for

interlocutory appeal in only limited circumstances:

> When a district judge, in making in a civil action an order
> not otherwise appealable under this section, shall be of
> the opinion that such order involves a controlling
> question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal
> from the order may materially advance the ultimate
> termination of the litigation, he shall so state in writing
> in such order.

28 U.S.C. § 1292(b).

Interlocutory appeals should be reserved for those "exceptional cases where

a decision of the appeal may avoid protracted and expensive litigation . . . [and]

where a question which would be dispositive of the litigation is raised and there

is serious doubt as to how it should be decided." *McFarlin v. Conseco Servs., LLC*,

381 F.3d 1251, 1265 (11th Cir. 2004). *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74

(1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress'

design to reserve interlocutory review for exceptional cases while generally

retaining for the federal courts a firm final judgment rule.") (punctuation omitted).

This is because "[t]he proper division of labor between the district courts and the

court of appeals and the efficiency of judicial resolution of cases are protected by

the final judgment rule, and are threatened by too expansive use of the § 1292(b)

exception to it." *McFarlin*, 381 F.3d at 1259. The Court's decision on certification is

"wholly discretionary," but must comport with § 1292(b)'s "high threshold for

certification to prevent piecemeal appeals." *OFS Fitel, LLC v. Epstein, Becker &*

*Green, P.C.*, 549 F.3d 1344, 1358–59 (11th Cir. 2008).

Starr frames its request in the form of four broad questions:

> 1.      Does *Hoover* apply to an insurance policy without
> a duty to defend provision, but that requires payment of
> defense costs and gives the insurer the right to associate
> in the defense of its policyholder?
>
> 2.      Is an insurance company deemed to deny
> coverage subject to waiver under *Hoover* when it agrees
> to associate in its policyholder's defense and agrees to
> provide coverage under a policy's sublimit of liability,
> subject to a reservation of rights?
>
> 3.      Does a nonwaiver clause reserving the right to
> assert additional defenses, in an insurer's coverage letter
> asserting a policy sublimit applies, preserve an insurer's
> right to later assert unknown defenses?

> 4.      Does an insurer automatically waive unknown defenses that it does not identify in a letter denying coverage under *Hoover*?[13]

Aspen posits an additional, multi-faceted question:

> Is a follow-form excess insurer deemed to deny coverage subject to waiver under *Hoover* when it (i) adopts the primary insurer's coverage position limiting coverage for a claim to a sublimit of liability, (ii) explains that the excess policy does not drop down as a result (iii) recognizes erosion of the underlying limit as a result of the claim, and (iv) reserves its rights under the policy?[14]

The Insurers argue that certification is warranted because each of the above is a "question of pure law" that, taken together, constitute a "substantial part of this case and [are] important to the parties."[15] The Court addresses each element of § 1292(b) in turn.

### i.      The Proposed Questions Are Not Controlling Questions of Law.

A "controlling question of law" is not one that involves "the application of settled law to fact." *McFarlin*, 381 F.3d at 1258. Such a question should likewise not "require[ ] rooting through the record in search of the facts or of genuine issues of

---

13   *E.g.*, ECF 194, at 27.

14   ECF 198, at 6–7.

15   *E.g.*, ECF 194, at 21–22.

fact," but be one of "pure law" on an issue the Eleventh Circuit "can decide quickly and cleanly without having to study the record." *Id*. To be "controlling," it must have "the potential of substantially accelerating disposition of the litigation, even if it would not terminate the case." *Georgia State Conference of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013) (hereinafter, *Ga. NAACP*) (highlighting the "artificiality of attempting to identify a controlling question as an inquiry separate from the prediction whether appeal may materially advance the ultimate termination of the litigation").

As a threshold matter, although accompanied by a three-Justice dissent, *Hoover* is established law. *E.g., G.M. Sign, Inc. v. St. Paul Fire & Marine Ins. Co.*, 677 F. App'x 639, 642 (11th Cir. 2016). The Insurers do not challenge the principles underpinning *Hoover* in this case. The proposed questions are directed at the application of *Hoover* to the specific facts of this particular case. Such a technical dispute is not of the type appropriate for interlocutory certification. *McFarlin*, 381 F.3d at 1258.

What is more, these are not issues of "pure law." The Insurers are correct that the Order did not turn on the presence or absence of a genuine issue of material fact. But that does not mean the factual record was irrelevant. To the contrary, the Court probed the entire factual record. The sheer breadth of the five

questions proposed by the Insurers challenge all the Court's findings of fact. This would require the Eleventh Circuit to scour the evidence again to answer these fact-dependent questions. Binding precedent militates against certification under these circumstances. *McFarlin*, 381 F.3d at 1259 ("The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.").

Finally, the Insurers' questions cannot be considered "controlling." An immediate answer to each—even if uniformly contrary to the Court's Order— would not materially advance this litigation. As stated, the Order concerned only certain affirmative defenses and counterclaims asserted by the Insurers. Sava's claims would remain entirely undisturbed no matter the outcome of an interlocutory appeal. Put another way, no matter the result, the parties would still be required to complete fact and expert discovery, brief dispositive motions, and potentially proceed to trial. At best, a favorable ruling for the Insurers would provide additional arrows in their quivers to mount a defense on a future motion for summary judgment, but do nothing to "substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259.

### ii.    There Is Not a Substantial Difference of Opinion Regarding the Proposed Questions.

Not just any contrary interpretation will do for an interlocutory appeal; a movant must "clear a high bar" to demonstrate a substantial ground for difference of opinion. *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C,* 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015). It is not enough that an issue is "one of first impression." *Ga. NAACP*, 952 F. Supp. 2d at 1362. *See also Frederick J. Hanna,* 165 F. Supp. 3d at 1339 ("The novelty of a legal question alone cannot carry the day here."); *In re Sci.-Atlanta, Inc. Sec. Litig.,* No. 1:01-cv-1950RW, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003) ("[T]he mere lack of authority as to a disputed issue does not necessarily establish a substantial ground for difference of opinion."). And neither is the movant's disagreement with the Court's conclusion. *Sci.-Atlanta*, 2003 WL 25740734, at *1 ("[T]he mere claim that the district court's ruling is incorrect does not support a finding that there is substantial ground for difference of opinion."). Even on questions of state law, the Court has a "duty to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Ga. NAACP*, 952 F. Supp. 2d at 1362.

The Insurers posit that the concept of waiver under *Hoover* "is a vexing and disputed issue of Georgia law" that "federal district courts have interpreted [ ]

differently."¹⁶ But this argument relies on an incorrect premise. *Hoover* is binding,

established precedent. None of the cases cited by the Insurers call the lawfulness

of that opinion into question. Rather, these authorities highlight the uniquely

challenging inquiry under *Hoover* that Georgia courts have applied in different

ways depending on the discrete facts of each case. *E.g.*, *AEGIS Elec.*, 967 F.3d at

1228 n.1 (Wilson, J., concurring in part and dissenting in part) ("[T]he waiver

issue . . . is a vexing and disputed issue of Georgia law."); *Century Cmtys. of Ga.*,

*LLC v. Selective Way Ins. Co.*, No. 1:18-cv-5267-ODE, 2019 WL 7491504, at \*3 (N.D.

Ga. Oct. 25, 2019) ("Courts have interpreted *Hoover* differently."). Based on the

facts of this case, the Court found *Hoover* applicable and controlling.¹⁷ That the

Insurers steadfastly disagree with the Court's conclusions is not enough to justify

certification for interlocutory review. *U.S., ex rel. Powell v. Am. InterContinental

Univ., Inc.*, 756 F. Supp. 2d 1374, 1379 (N.D. Ga. 2010) (holding "claim that the

district court's ruling is incorrect" does not constitute "a substantial ground for

difference of opinion"). At bottom, the Insurers' objections do not present the

---

16   ECF 194, at 22–23 (citing *AEGIS Elec. & Gas Int'l Servs. Ltd. v. ECI Mgmt. LLC*, 967 F.3d 1216, 1228 n.1 (11th Cir. 2020) (Wilson, J., concurring in part and dissenting in part).

17   *Id.* at 21.

necessary substantial disagreement needed for certification. *McFarlin*, 381 F.3d at 1259 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.").

### *iii.* Interlocutory Appeal Would Not Materially Advance the Ultimate Termination of the Litigation.

The third consideration significantly overlaps with the first. *Ga. NAACP*, 952 F. Supp. 2d at 1362. As noted, immediate answers to the Insurers' proposed questions would not "substantially reduce the amount of litigation left in the case." *McFarlin*, 381 F.3d at 1259. And, because the Insurers seek an immediate appeal to revive affirmative defenses and counterclaims, the requests fall squarely within the type of piecemeal litigation disfavored by the Eleventh Circuit. *Id.* ("Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").

The Court also notes that an interlocutory appeal would substantially delay—rather than advance—the resolution of this action. The fact discovery deadline is currently set for November 30, 2020.[18] Although the deadline to file summary judgment motions is not until March 22, 2021, Starr has already filed

---

[18]   ECF 189.

such a motion.[19] An interlocutory appeal would stop this litigation in its tracks for an indefinite period without the prospect of narrowing the issues for trial. *E.g.*, *Frederick J. Hanna*, 165 F. Supp. 3d at 1339 ("A detour of many months or a year to the Eleventh Circuit on these issues is not likely to advance this lawsuit; it is likely to delay it."). *See also Gass v. CBOCS, Inc.*, No. 4:10-cv-0225-HLM, 2011 WL 13323674, at *2 (N.D. Ga. Dec. 16, 2011) ("[A]n interlocutory appeal would not necessarily materially advance the ultimate termination of this litigation. Instead, an interlocutory appeal would be more likely to delay the resolution of this case even further.").

Starr additionally raises concerns regarding the potential duplication of efforts—*i.e.*, if the Insurers appeal the Order after trial and prevail, the parties may be required to redo discovery, dispositive motions, and potentially retry the case. But the Insurers' allusions to judicial economy are purely speculative at this stage. And, other courts in this circuit have outright rejected such arguments. *E.g.*, *In re Fundamental Long Term Care*, No. 8:11-bk-22258-MGW, 2019 WL 3429546, at *3 (M.D. Fla. July 30, 2019) ("[I]f all a party had to show was that an appeal would prevent a retrial, then all interlocutory appeals would be granted,

---

19    ECF 207.

inconsistent with public policy of doing so only sparingly."); *Campbell v. Blasingame, Burch, Garrard, & Ashley, P.C.*, No. 1:10-cv-1663-WCO-LTW, 2012 WL 13129938, at *2 (N.D. Ga. Apr. 10, 2012) ("If district courts certified every question for an interlocutory appeal that may result in less resources being consumed, as plaintiff advocates, then the rare exception would swallow the rule.").

In sum, the Court finds that the facts of this case do not warrant the extraordinary remedy of certification for interlocutory appeal.

## II.    CONCLUSION

The Insurers' motions for reconsideration, or in the alternative to certify an order for interlocutory appeal [ECF 194; ECF 198], are **DENIED**. The parties additionally filed a consent motion to stay discovery pending the Court's resolution of the Insurers' motions [ECF 200]. In light of this Order, that motion is **DENIED AS MOOT**. The parties also requested an extension of certain case deadlines. Within 14 days after the entry of this Order, the parties are **DIRECTED** to file a joint motion proposing modified deadlines. If the parties cannot reach an

agreement, they are **DIRECTED** to utilize the procedure concerning discovery

disputes outlined in the Court's Standing Order.[20]

       **SO ORDERED** this the 18th day of November 2020.

                                       Steven D. Grimberg
                              United States District Court Judge

---

[20] ECF 97.